NOTICE OF SUIT TO SHERIFF OF ALLEGHENY CO.
You are hereby notified that on 07/24/2019
a COMPLAINT has been filed in this case
and you are required to serve the same on or before the
10/22/2019
Michael McGeever, Director
Department of Court Records

## COMPLAINT IN CIVIL ACTION

### IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

| Plaintiff(s) | Case Number: |
| --- | --- |
| Whyte, Trevor L. | GD-19-010374 |
| | Type of pleading: |
| | Complaint |
| | Filed on behalf of: |
| | Whyte L. Trevor |
| | **Halesey Morgan Christopher** |
| | (Name of filing party) |
| Defendant(s) | VS |
| Stanley Black & Decker Inc., | [X] Counsel of Record |
| | [ ] Individual, If Pro Se |
| | Name, Address and Telephone Number: |
| | Halesey Morgan Christopher |
| | 2945 Banksville Road |
| | Suite 200 |
| | Pittsburgh, PA, 15216 |
| | 412 3880848 |
| | Attorney's State ID: 322900 |

Michael McGeever, Director, Department of Court Records



EXHIBIT A

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

| | |
|---|---|
| TREVOR L. WHYTE, | CIVIL DIVISION |
| Plaintiff, | Docket No.: GD-19-010374 |
| vs. | Code No. PL 004 |
| STANLEY BLACK & DECKER, INC., | COMPLAINT IN CIVIL ACTION |
| Defendant. | |

Filed on behalf of Plaintiff:
Trevor Whyte

Counsel of Record for this Party:
Christopher M. Halesey, Esquire
PA I.D. # 322900

Woomer & Talarico, LLC
2945 Banksville Road, Suite 200
Pittsburgh, PA 15216-2749
Tele # (412) 388-0848
Fax # (412) 388-0946

**JURY TRIAL DEMANDED**

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

TREVOR L. WHYTE,                     CIVIL DIVISION

         Plaintiff,             Docket No. :

vs.

STANLEY BLACK & DECKER, INC.,

         Defendant.

## NOTICE TO DEFEND

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this Complaint and Notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the Complaint or for any other claim or relief requested by the Plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.

IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

**Lawyer Referral Service**
**Allegheny County Bar Association**
**11th Floor Koppers Building**
**436 Seventh Avenue**
**Pittsburgh, PA 15219**
**(412) 261-5555**

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY,
PENNSYLVANIA

| | |
|---|---|
| TREVOR L. WHYTE, | CIVIL DIVISION |
| Plaintiff, | Docket No. : |
| vs. | Code No. PL 004 |
| STANLEY BLACK & DECKER, INC., | |
| Defendant. | |

## COMPLAINT IN CIVIL ACTION

AND NOW, comes Plaintiff, Trevor Whyte, by and through his attorneys, Christopher M. Halesey, Esquire, and Woomer & Talarico, LLC, and complains and alleges as follows:

1. Plaintiff, Trevor L. Whyte (hereinafter "Plaintiff"), is an adult individual residing at 113 McKinley Avenue, Warren, Warren County, Pennsylvania 16365.

2. Defendant, Stanley Black & Decker, Inc. (hereinafter "Defendant"), is a foreign business corporation with a registered office address located at 1000 Stanley Drive, New Britain, Hartford County, Connecticut 06053.

3. At all times relevant hereto, the Defendant acted by and through their agents, servants, employees, representatives, assignees, subsidiaries, predecessors and/or successors in interest.

4. At all times relevant and material hereto, Defendants independently or jointly with their predecessors, subsidiaries, parent or related companies, designed, developed, tested, manufactured, assembled, constructed, inspected, installed, marketed, promoted, advertised, sold and/or distributed the Model # 54-032 Ball Peen Hammer (hereinafter "hammer") as well as other similar products and were in the business of doing so.

5. Through the actions of the Defendants, the hammer entered the stream of commerce in a manner unsafe for its users.

6. On or about February 2, 2018, Plaintiff was striking the hammer on a metal stamping tool, when suddenly and without warning, the hammer head broke, causing shards of metal to penetrate Plaintiff's stomach.

7. At all times relevant and material hereto, the hammer was dangerous and defective in light of the hammer's inadequate and defective design that allowed the head of the hammer to break during use.

8. As a direct and proximate result of the aforementioned accident, Plaintiff sustained the following injuries, some or all of which are or may be permanent:

   a. Grade three liver laceration;

   b. Penetrating abdominal trauma;

   c. Permanent foreign object inside liver;

   d. Abdominal pain;

   e. Unsightly large scar on torso;

   f. Bruises, contusions and other injuries in or about nerves, muscles, bones, tendons, ligaments, tissues and vessels of the body; and

   g. Nervousness, emotional tension, anxiety and depression.

9. As a direct and proximate result of the aforementioned accident, Plaintiff sustained the following damages, some or all of which are or may be permanent or on-going:

   a. He has endured, and will continue to endure great pain, suffering, inconvenience, embarrassment, mental anguish, monetary expenditures for the care of his injury, and emotional and psychological trauma;

   b. He has been, and will be required to, expend large sums of money for medical treatment and care, medical supplies, rehabilitation and therapeutic treatment, medicines and other attendant services;

   c. His general health, strength and vitality have been impaired;

  d. He may, in the future, have to face at least one, and possibly numerous, surgeries;

  e. He has sustained and will continue to sustain lost earnings and his earning capacity has been and may be permanently impaired; and

  f. He has been and will in the future be unable to enjoy various pleasures of life that he previously enjoyed.

**Count 1**
**Plaintiff v. Defendant**
*Strict Liability*

10. Plaintiff incorporates, by reference, all preceding paragraphs as though set forth at length herein.

11. At all times relevant and material hereto, Defendant owed Plaintiff a duty to design, manufacture, supply, sell and or/distribute a product free of manufacturing and design defects and containing adequate warnings.

12. At the time Defendant designed, manufactured, serviced, sold, supplied, distributed the hammer and/or placed the hammer into the stream of commerce, the hammer lacked adequate safety measures necessary to prevent the hammer from chipping, cracking, shattering, and/or otherwise breaking while in use.

13. Defendants breached their duty described above by placing into the stream of commerce a hammer that lacked adequate safety measures and was defectively designed and/or manufactured, thereby making it unreasonably dangerous and unsafe.

14. The hammer in question was defective when sold and was defective under Section 402A of the *Restatement (Second) of Torts* in that:

  a. It was improperly designed as set forth above;

  b. It was comprised of substandard and/or deficient materials;

  c. It was defectively manufactured;

  d. It lacked adequate warnings and instructions;

  e. It malfunctioned; and,

  f. There was no warnings on the hammer for the risks that were caused by the design of the hammer.

15. The defective, dangerous and unsafe design of the hammer was the direct and proximate cause of Plaintiff's injuries as set forth in detail above.

16. As a result of Defendant's breach of its duty, it is strictly liable to the Plaintiff for his injuries and damages pursuant to Section 402A of the *Restatement (Second) of Torts* and Pennsylvania law.

WHEREFORE, Plaintiff requests judgment for damages against Defendants in an amount in excess of the jurisdictional limits of compulsory arbitration, together with court costs, interest and such other further relief as this Honorable Court may deem just and equitable.

## Count II
### Plaintiff v. Defendants
*Negligence*

17. Plaintiff incorporates, by reference, all preceding paragraphs as though set forth at length herein.

18. As designer, manufacturer, supplier, seller and/or distributor of the hammer at issue, Defendant had a duty to take reasonable steps to ensure that purchasers and/or users of its hammer are supplied a product free of manufacturing and design defects.

19. Defendant breached its duty by negligently placing the hammer into the stream of commerce when they knew or should have known that the design and/or manufacture of the hammer was defective, dangerous and unsafe.

20. Plaintiff's injuries and damages were a direct and proximate result of Defendant's negligence in the following particulars:

    a. In failing to ensure that its design of the hammer was safe for use by its purchasers and/or users;

    b. In failing to ensure that its design of the hammer contained the necessary safety precautions, measures and devices to prevent the hammer from breaking when in use by its purchasers and/or users;

    c. In failing to properly, adequately and frequently inspect and test the design of the hammer to discover possible design defects and to ensure that the hammer contained the necessary safety measures and devices to prevent the hammer from breaking when in use by its purchasers and/or users;

    d. In failing to repair or otherwise redesign the hammer to eliminate defects and safety hazards that Defendant knew or should have known existed;

    e. In failing to supervise and/or monitor its employees to ensure that its products were designed, engineered, manufactured and/or sold in a safe and proper manner;

    f. In designing a defective product and/or in utilizing defective and/or outdated designs and procedures for the manufacture, assembly, sale and distribution of the hammer;

    g. In failing to adequately warn purchasers and/or users of the hammer of the possible dangers that Defendant knew or should have known were associated with the hammer;

    h. In failing to adequately warn purchasers and/or users of the hammer about the hammer's limitations and the reasonably foreseeable dangers associated with its intended use in various, foreseeable situations; and,

    i. In failing to inspect the hammer prior to placing it in the stream of commerce to make sure it was safe and had not been made dangerous by wear or alteration.

21. As a direct and proximate result of the negligence, carelessness and recklessness of the Defendant, Plaintiff has sustained the injuries set forth in detail above.

WHEREFORE, Plaintiff requests judgment for damages against Defendant in an amount in excess of the jurisdictional limits of compulsory arbitration, together with court costs, interest

and such other and further relief as this Honorable Court may deem just and equitable.

**A JURY TRIAL IS DEMANDED.**

                                            Woomer & Talarico, LLC

                                            _____
                                            Christopher M. Halesey, Esquire
                                            PA I.D. # 322900

                                            Woomer & Talarico, LLC
                                            2945 Banksville Road, Suite 200
                                            Pittsburgh, PA 15216-2749
                                            Tele # (412) 388-0848

## **VERIFICATION**

I, Trevor L. Whyte, being duly sworn according to law, depose and say that the facts contained in the foregoing Complaint in Civil Action are true and correct to the best of my knowledge, information and belief. I understand that false statements herein are made subject to the penalties of 18 Pa. C.S. Section 4904 relating to unsworn falsification to authorities.

*[signature]*
Trevor L. Whyte